## CLAUDIA J. TOMAS *v.* JOHN M. TOMAS

[No. 184, September Term, 1976.]

*Decided December 3, 1976.*

The cause was argued before MORTON, POWERS and MELVIN, JJ.

*R. Calvert Steuart*, with whom were *Pickett, Houlon & Berman* on the brief, for appellant.

No appearance or brief for appellee.

MORTON, J., delivered the opinion of the Court.

Appellant, Claudia J. Tomas, filed a bill of complaint in the Circuit Court for Prince George's County (Mathias, J.,

presiding) on July 29, 1975, seeking an absolute divorce from appellee, John M. Tomas, on the grounds of voluntary separation. By motion raising preliminary objection, appellee challenged the court's jurisdiction, alleging that neither party was a resident of Maryland at the time the action was initiated. After hearing testimony on December 22, 1975, the court granted appellee's motion and dismissed the action by order dated January 29, 1976. It is from this ruling that the present appeal is taken.

The issue before us is whether the Circuit Court was correct in finding that Mrs. Tomas was not domiciled in Maryland at the time the action was initiated.[1] The relevant facts are fairly simple. Mrs. Tomas lived continuously in Maryland from May, 1972, to July 23, 1975. While living in Maryland she was employed by the U. S. Department of Agriculture at Beltsville. There is no dispute that Mrs. Tomas was domiciled in Maryland during that period.

Shortly before the bill of complaint was filed in this case, Mrs. Tomas moved to the New Jersey home of her parents. She testified at the hearing that this move was motivated by her desire to participate in a job training program (not then available in Maryland) which would eventually qualify her for a higher position with the Department of Agriculture. She also indicated that she planned to return to Maryland upon completion of her training.

Appellee argues that by moving to New Jersey, appellant gave up her Maryland domicile. Appellee elicited testimony which purported to show that Mrs. Tomas did not intend to return to Maryland after completing the program in New Jersey. The court accepted appellee's theory and ruled that it lacked jurisdiction in the matter. In doing so, the court emphasized that Mrs. Tomas had in fact left Maryland prior to the filing of her complaint. The court also relied on its conclusion that the evidence did not demonstrate an intent to return to Maryland.

---

1. The Maryland courts have consistently held that the words "reside" or "resident" in a constitutional provision or statute are "construed to mean domicile" unless a contrary intent be shown. See Bainum v. Kalen, 272 Md. 490 (1974).

Although there is testimony to contradict the latter finding, it is not necessary to determine whether such finding was clearly erroneous, as appellant contends, because the record shows that the court did not correctly apply the Maryland law in reaching its conclusion. We quote the relevant portions of the court's opinion:

> "[T]his case is going to turn to relatively simple facts. * * * [T]he plaintiff in this case did in fact move from Prince George's County, Maryland, to New Jersey or Delaware prior to the time that the Bill was even filed.

* * *

> "In other words, her move to New Jersey to take the training program * * * was not related to a training with an intent to return to the Agriculture Department in Prince George's County, Maryland."

It is apparent from these portions of the opinion that the court's decision was based on two factors: first, that appellant had in fact moved and, second, that the court interpreted the evidence as showing that appellant did not intend to return to Maryland. Yet, under the applicable Maryland law, neither of these factors can be conclusive. "It is * * * well settled in Maryland that a person's domicile remains the same until he acquires a new residence with an intention to remain there indefinitely and that the burden of proof rests on the party who claims that a change of domicile has taken place." *Bartell v. Bartell*, 28 Md. App. 180, 186 (1975), *rev'd on other grounds*, 278 Md. 12 (1976).

The "simple fact" that appellant had moved, which was given considerable weight by the court below, is inconclusive without additional evidence showing an intent to remain at the new residence. Instead of relying on its finding that Mrs. Tomas did not demonstrate an intent to return to Maryland, the court should have required an affirmative showing by appellee that Mrs. Tomas intended to remain at the New Jersey residence "indefinitely." Otherwise stated, Mrs. Tomas did not give up or lose her Maryland domicile since it

was not shown that she had established a new and different domicile. Absent such a showing, her domicile remains in Maryland.

*Order granting motion of dis-*
*missal, reversed; case remanded*
*for further proceedings; costs to*
*be paid by appellee.*